STATE OF TENNESSEE

## IN THE CHANCERY COURT OF KNOX COUNTY, TENNESSEE

<div style="border:1px solid;">EXHIBIT A</div>

---

**PLAINTIFF(S)**
DIANDRA HECK

**DEFENDANT(S)**
THE COPPER CELLAR CORPORATION

Docket No. ___2019666-2___

ADA
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

## SUMMONS

DEFENDANT: THE COPPER CELLAR CORPORATION - ATTORNEY WILL SERVE

ADDRESS: C/O REGISTERED AGENT - 3001 INDUSTRIAL PARKWAY, KNOXVILLE, TN 3792

     You are hereby summoned to defend a civil action filed against you in the Chancery Court for Knox County, Tennessee. Your defense must be made within thirty (30) days from the date this summons and complaint are served upon you, exclusive of the day of service. You must file your defense with the Clerk and Master of Knox County Chancery Court and send a copy to the plaintiff or to the plaintiff's attorney at the address listed below. If you fail to timely defend this action, judgment by default can be rendered against you for the relief demanded in the complaint.

Plaintiff's Attorney: R. ETHAN HARGRAVES, MASSEY & ASSOCIATES, PC

Address (Plaintiff's address if *pro se*): 6400 LEE HIGHWAY, STE. 101, CHATTANOOGA, TN 37421

---

**ISSUED** this _5_ day of _March_, 20 _21_.

WITNESS, Howard G. Hogan, Clerk and Master of said Court, at office in Knoxville, Tennessee.

HOWARD G. HOGAN, CLERK AND MASTER

By: _____
       D.C.M.

---

NOTICE TO DEFENDANT(S): Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family, and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand this exemption right or

RECEIVED this __31__ day of __March__ , 20 __21__ .

_____
Signature of Process Server

---

## RETURN OF SERVICE

I hereby certify and return that on the __31__ day of __March__ , 20 __21__

(Please indicate one of the following):

__✓__ I served this Summons together with the Complaint as follows:

__to Attorney__.

_____ I did not serve this Summons within thirty (30) days after its issuance because:

_____.

_____
Signature of Process Server

---

**PROCESS SERVER INFORMATION** (REQUIRED to be filled out by Process Server)

Name (please print): __Craig Young #2584__

Address: __400 Main St__

__Knox 37902__

**IN THE CHANCERY COURT OF KNOX COUNTY**
**STATE OF TENNESSEE**

| | | |
|---|---|---|
| **DIANDRA HECK** | * | |
| | * | **Docket No.** 2019662 |
| **Plaintiff,** | * | |
| | * | **JURY DEMANDED** |
| **v.** | * | |
| | * | |
| **THE COPPER CELLAR** | * | |
| **CORPORATION** | * | |
| | * | |
| **Defendant.** | * | |

## COMPLAINT FOR DAMAGES

Diandra Heck, through counsel, hereby sues the Defendant, The Copper Cellar Corporation, for disability discrimination and constructive discharge under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., the Americans with Disabilities Act of 2008, et seq, Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et. seq. For her cause of action, Plaintiff states as follows:

### PARTIES

1. Plaintiff Diandra Heck is an adult citizen of Knox County, Tennessee. Ms. Heck was employed by Defendant for approximately seven years until she was terminated on May 17, 2020.

2. Defendant, The Copper Cellar Corporation., is a Tennessee Corporation with its registered agent located at 3001 Industrial Parkway, Knoxville, TN 37921-1711. Defendant employed Ms. Heck at a location in Knox County, Tennessee at all times relevant to this Complaint.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper in this Court because Defendant is doing business in Knox County, Tennessee, and because a substantial part of the events or omission giving rise to this cause of action occurred in Knox County, Tennessee.

## FACTUAL ALLEGATIONS

4. Defendant employed Plaintiff for approximately seven years until her termination on May 17, 2020.

5. Ms. Heck was a bartender at Calhoun's Turkey Creek ("Calhoun's") located at 625 Turkey Cove Lane, Knoxville, TN 37934. This location and several others are owned by Defendant.

6. Ms. Heck is asthmatic and was diagnosed with asthma as a child.

7. Due to the emergence of COVID-19, Calhoun's was closed from Mid-March to May 2020 and Ms. Heck was laid off.

8. In April 2020, prior to the restaurant reopening, Ms. Heck requested a deferred return to work because due to her high-risk status. Calhoun's denied the request and told Ms. Heck if she did not return to work her unemployment benefits would be cut off.

9. Prior to returning to work, Ms. Heck familiarized herself with the COVID-19 protocols put in place by the Knox County Health Department.

10. The guidelines clearly stated that bar sections of restaurants were not to be open for seating or standing due to the danger of respiratory droplets landing in the service area. These guidelines were to remain in place for a minimum of 28 days.

11.     Upon her return to work in early May 2020, Calhoun's appeared to be following all guidelines – requiring masks, making sure guests were properly distanced, and did not allow anyone to sit at the bar. Ms. Heck was also reassured by her manager that no one would be set at the bar during her shift due to high-risk status.

12.     Ms. Heck went into work on May 17, 2020 to begin her shift as a bartender. Upon arriving at Calhoun's, Ms. Heck noticed that a couple of people were seated at the bar – against Knox Health Department Guidelines.

13.     Ms. Heck complained to her manager about the people set at the bar and was told that she could work her bar shift, wait tables, or leave.

14.     Ms. Heck told her manager that due to the threat of COVID-19 she could not work at the bar and that no server shifts were available.

15.     Due to the options laid out by her manager, Ms. Heck felt like she had no choice but to leave.

## VIOLATION OF THE TENNESSEE DISABILITY ACT

16.     Plaintiff alleges that Defendant discriminated against her because of her disability in violation of the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

17.     Plaintiff alleges that Defendant retaliated against her for engaging in a protected activity related to her disability in violation of the Tennessee Disability Act, T.C.A. § 8-50-103, and the Tennessee Human Rights Act, T.C.A. § 4-21-101, et seq.

18.     At all times relevant herein, Defendant employed more than 8 persons.

19.     At all times relevant herein, Ms. Heck's asthma constituted a physical or mental impairment that substantially limited one or more of her major life activities, she had a record of having such impairments, and this was apparent to Defendants.

20.     Defendant perceived or regarding Ms. Heck's asthma as a physical or mental impairment that substantially limited one or more of her major life activities, consistent with the definition of "disability" provided under the Tennessee Human Rights Act, T.C.A. § 4-21-101, et. seq.

21.     Despite Ms. Heck's limitations, she was capable of performing the essential functions of her job as a bartender.

22.     Defendant had ample notification and information about Ms. Heck's disability and the challenges it posed to her at work.

## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

23.     Plaintiff filed an EEOC charge in this case with regard to Defendant. A Notice of Right to Sue Letter was issued to Plaintiff by the EEOC on December 7, 2020. Therefore, Plaintiff has exhausted her administrative remedies by filing a charge of discrimination with the EEOC.

24.     Plaintiff alleges that Defendant discriminated against her and discharged her because of her disability, history of having a disability, or perceived disability, in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq., and the Americans with Disabilities Amendments of 2008.

25.     Plaintiff alleges that Defendant retaliated against her for engaging in a protected activity related to her disability in violation of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et. seq., and the Americans with Disabilities Amendments of 2008.

26.     At all times relevant herein, Ms. Heck's asthma constituted a physical or mental impairment that substantially limited one or more of her major life activities, she had a record of having such impairments, and this was apparent to Defendant.

27.     Defendant perceived or regarded Ms. Heck's asthma as a physical or mental impairment that substantially limited one or more of her major life activities, consistent with the definition of "disability" provided under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.

28.     Despite Ms. Heck's limitations, she was capable of performing the essential functions of her job as a bartender.

29.     Defendant had ample notification and information about Ms. Heck's disability and the challenges it posed to her at work.

## WHEREFORE PLAINTIFF PRAYS:

a.     That Plaintiff be awarded compensation in an amount to be determined by a jury up to $100,000.00 for past, present and future wages and benefits, incidental damages, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary losses;

b.     That the Court award Plaintiff the attorney's fees and costs incurred in prosecuting this action, and other discretionary costs allowed by law;

c.     The Court award the Plaintiff such other, further, and general relief to which she may be entitled.

d.     That a JURY be empaneled to try this action.

Respectfully submitted,

MASSEY & ASSOCIATES, P.C.

R. Ethan Hargraves, BPR# 033331
6400 Lee Highway, Ste. 101
Chattanooga, TN 37421
Ph: 423.697.4529
F: 423.634.8886