UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DIANDRA HECK, | ) | |
| | ) | Case No. 3:21-cv-158 |
| *Plaintiff*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Debra C. Poplin |
| THE COPPER CELLAR CORPORATION | ) | |
| | ) | |
| *Defendant*. | ) | |

# MEMORANDUM AND ORDER

Before the Court is Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction (Doc. 7). Defendant argues that Plaintiff's failure to comply with the pleading requirements of the Tennessee COVID-19 Recovery Act, Tenn. Code Ann. § 29-34-801 et seq., mandates the dismissal of her claims, because those claims "aris[e] from COVID-19." (*Id.* at 1–2.)

The Tennessee COVID-19 Recovery Act ("the Act") provides:

> There is no claim against any person for loss, damage, injury, or death arising from COVID-19, unless the claimant proves by clear and convincing evidence that the person proximately caused the loss, damage, injury, or death by an act or omission constituting gross negligence or willful misconduct.

Tenn. Code Ann. § 29-34-802(b). The Act further provides:

> (c)(1) In any claim alleging loss, damage, injury, or death arising from COVID-19, the claimant must file a verified complaint pleading specific facts with particularity from which a finder of fact could reasonably conclude that the alleged loss, damage, injury, or death was caused by the defendant's gross negligence or willful misconduct.
>
> (2) In any claim alleging loss, damage, injury, or death based on exposure to or contraction of COVID-19, the claimant must also file a certificate of good faith stating that the claimant or claimant's counsel has consulted with a physician duly licensed to practice in the state or a contiguous bordering state, and the physician

> has provided a signed written statement that the physician is competent to express an opinion on exposure to or contraction of COVID-19 and, upon information and belief, believes that the alleged loss, damage, injury, or death was caused by an alleged act or omission of the defendant or defendants.
>
> (3) The failure of a claimant to satisfy the requirements of subdivisions (c)(1) and (2), if required by subdivision (c)(2), shall, upon motion, make the action subject to dismissal with prejudice.

*Id.* § 29-34-802(c). The Act defines "arising from COVID-19" as "caused by or resulting from the actual, alleged, or possible exposure to or contraction of COVID-19, or caused by or resulting from services, treatment, or other actions in response to COVID-19." *Id.* § 29-34-802(a)(1).

Plaintiff's complaint asserts claims for violation of the Tennessee Disability Act and violation of the Americans with Disabilities Act based on the termination of her employment with Defendant. (*See* Doc. 1-1, at 3–8.) Plaintiff alleges that she was discriminated against because of her asthma and increased risk of serious illness from COVID-19 and that Defendant discharged her rather than accommodate her by limiting her risk of exposure. (*See id.*) Plaintiff seeks compensatory damages for her lost wages and emotional distress. (*Id.* at 7.)

Defendant contends that Plaintiff is subject to the Act's filing requirements because she "allege[s] a loss or damages suffered by [Plaintiff] as a result of [Defendant's] actions in response to the pandemic" and "loss or damages based upon her exposure or possible exposure to COVID-19." (Doc. 8, at 5–6.) But Defendant's reading of the Act is too broad. The Act does not deprive this Court of subject-matter jurisdiction over this case merely because some of the allegations related to COVID-19. Plaintiff's claims arise from alleged discrimination and retaliation related to her asthma. While her request for accommodation relates to her increased vulnerability to COVID-19, her claims do not "arise from COVID-19" for the purposes of the Act. The expansive reading of the Act for which Defendant advocates would deprive federal

2

Case 3:21-cv-00158-TRM-DCP   Document 16   Filed 08/04/21   Page 2 of 3   PageID #: 82

courts of their ability to hear federal claims based on state-legislated procedural hurdles.  This reading violates the most basic principles of federalism and would lead to inconsistent application of federal law and inconsistent access to federal courts based on the forum state's policies concerning state-law claims.  Plaintiff asserts a federal claim, and this Court plainly has jurisdiction pursuant to 28 U.S.C. § 1331.

For these reasons, the Court **DENIES** Defendant's motion to dismiss (Doc. 7).

**SO ORDERED.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**